# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 23-51742-cag |
| **CINCH WIRELINE SERVICES, LLC** | § | |
| | § | **Chapter 7** |
| Debtor | § | |
| | § | |
| **JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR CINCH WIRELINE SERVICES, LLC** | § § § | |
| Plaintiff | § | |
| | § | Adversary _____-cag |
| v. | § | |
| | § | |
| **CINCH ENERGY SERVICES, LLC; CINCH INVESTMENT HOLDINGS, LLC; CES GROUP HOLDINGS, LLC; HOOK N BULL PROPERTIES, LLC; LOS CABOS RANCH, LLC; FTS RANCH, LLC;  FTSJR HOLDINGS, LLC; WFO HOMES, LLC; TEXAS COAST BUILDERS, LLC; 17 MAIN, LLC; GRANDER HOLDINGS, LLC; WFO, LLC; PONDER RANCH, LLC; BL EQUITY HOLDINGS, LLC; OCEAN FLOOR HOLDINGS, LLC; FRANK THOMAS SHUMATE; MARK LOPEZ; LORETTA L. HIGGINS; TIMOTHY GAINES POLLARD; JERRY MILLER and such other yet unknown Defendants ("JOHN DOE DEFENDANTS")** | § § § § § § § § § § § § § § § § § § | |
| Defendants | § | |

**VERIFIED COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND PREFERENCES, TO RECOVER PROPERTY OF THE ESTATE AND DAMAGES THERETO, AND FOR DECLARATORY RELIEF**
**AND**
**MOTION FOR THE EMERGENCY RELIEF OF A TEMPORARY RESTRAINING ORDER, AND THEREAFTER PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

TO THE CHIEF UNITED STATES BANKRUPTCY JUDGE CRAIG A. GARGOTTA:

    John Patrick Lowe, Chapter 7 Trustee for Cinch Wireline Services, LLC ("Plaintiff", "Trustee", or

"Cinch Wireline") files this Complaint to Avoid Fraudulent Transfers and Preferences, to Recover Property of the Estate of Cinch Wireline, for Actual and Punitive Damages, and Declaratory Relief, and for Extraordinary Relief, Including Emergency Temporary Restraining Order, and thereafter, Preliminary and Permanent Injunctive Relief, complaining of Cinch Energy Services, LLC, Cinch Investment Holdings, LLC, CES Group Holdings, LLC; Hook N Bull Properties, LLC; Los Cabos; Ranch, LLC; FTS Ranch, LLC, FTSJR Holdings, LLC, WFO Homes, LLC, Texas Coast Builders, LLC, 17 Main, LLC, Grander Holdings, LLC, WFO, LLC, Ponder Ranch, LLC, BL Equity Holdings, LLC, Ocean Floor Holdings, LLC, Frank Thomas Shumate, Mark Lopez, Loretta L. Higgins, Timothy Gaines Pollard, Jerry Miller, and such other as yet unknown Defendants ("John Doe Defendants"), and would show as follows:

## I.
## PARTIES

1.    **Plaintiff Trustee** is the duly appointed and serving and acting Chapter 7 Trustee of the Estate of Cinch Wireline Services, LLC ("Cinch Wireline") appointed by order of this Court dated December 13, 2023 [Dkt #2] with constitutional and statutory standing to bring the complaints alleged herein.

2.    **Cinch Energy Services, LLC** ("Cinch Energy") is a Texas limited liability company with one or more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process in Texas is Mark Lopez, 1102 S. Second, Ganado, Texas 77962.

3.    **Cinch Investment Holdings, LLC** ("CIH") is a Texas limited liability company with one or more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process in Texas is Frank T. Shumate, Jr., 2200 County Road 413, McCoy, Texas 78113.

4.    **CES Group Holdings, LLC** ("CESH") is a Texas limited liability company with one or more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process in Texas is Frank T. Shumate, 2200 County Road 413, McCoy, Texas 78113.

5.    **Hook N Bull Properties, LLC** ("HNB") is a Texas limited liability company with one or

more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process in Texas is Frank T. Shumate, Jr., 2200 County Road 413, McCoy, Texas 78113.

6. **Los Cabos Ranch, LLC** ("LCR") is a Texas limited liability company with one or more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process in Texas is Paul S Kirklin, 12600 N. Featherwood Drive, Suite 225, Houston, Texas 77034.

7. **FTS Ranch, LLC** ("FTSR") is a Texas limited liability company with one or more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process in Texas is Frank T. Shumate, Jr., 2200 County Road 413, McCoy, Texas 78113.

8. **FTSJR Holdings, LLC** ("FTSJR") is a Texas limited liability company with one or more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process in Texas is Frank T. Shumate, Jr., 2200 County Road 413, McCoy, Texas 78113.

9. **WFO Homes, LLC** ("WFOH") is a Texas limited liability company with one or more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process in Texas is Tim Pollard, 146 Motts Parkway, Marion, Texas 78124.

10. **Texas Coast Builders, LLC** ("TCB") is a Texas limited liability company with one or more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process in Texas is Frank T. Shumate, Jr., 2200 County Road 413, McCoy, Texas 78113.

11. **17 Main, LLC** ("17Main") is a California limited liability company with one or more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process is Daniel Namvar, who may be served at 9135 Hilllsboro Dr., Los Angeles, California, 90034. Additionally, as no agent is maintained in Texas., service may be made upon the Secretary of State of Texas.

12.      **Grander Holdings, LLC ("Grander")** is a Texas limited liability company with one or more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process in Texas is Frank T. Shumate, Jr., 2200 County Road 413, McCoy, Texas 78113.

13.      **WFO, LLC ("WFO")** is a Texas limited liability company with one or more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process in Texas is Tim Pollard, 146 Motts Parkway, Marion, Texas 78124.

14.      **Ponder Ranch, LLC ("Ponder")** is a Texas limited liability company with one or more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process in Texas is Frank T. Shumate, Jr., 2200 County Road 413, McCoy, Texas 78113.

15.      **BL Equity Holdings, LLC** ("BLEH") is a Delaware limited liability company with one or more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process in Delaware is A Registered Agent, Inc., 8 The Green, Suite A, Dover, DE 19901. Additionally, as no agent is maintained in Texas., service may be made upon the Secretary of State of Texas.

16.      **Ocean Floor Holdings, LLC** ("OFH") is a Delaware limited liability company with one or more member(s) being Texas citizens or domiciled in Texas and whose registered agent for service of process in Delaware is A Registered Agent, Inc., 8 The Green, Suite A, Dover, DE 19901. Additionally, as no agent is maintained in Texas., service may be made upon the Secretary of State of Texas.

17.      **Frank Thomas Shumate** ("Shumate") is a citizen of the State of Texas who may be served with process at 6118 King Trail, Corpus Christi, TX 78414 or wherever Shumate may be found.

18.      **Mark Lopez** ("Lopez") is a citizen of the State of Texas who may be served with process at 52 County Road 2011, Edna, Texas 77957 or wherever Lopez may be found.

19.      **Loretta L. Higgins** ("Higgins") is a citizen of the State of Texas who may be served with process at 24030 Tirso River Court, Katy, Texas 77493 or wherever Higgins may be found.

20.     **Timothy Gaines Pollard** ("Pollard") is a citizen of the State of Texas who may be served with process at 2200 County Road 413, McCoy, Texas 78113 or wherever Pollard may be found.

21.     **Jerry Miller** ("Miller") is a citizen of the State of Texas who may be served with process at 137 W. Chandler Road, Sarita, Texas 78385 or wherever Miller may be found.

22.     Such other as yet unknown Defendants (herein "John Doe Defendants").

23.     As used herein, Cinch Energy, CIH, CESH, HNB, LCR, FTSR, FTSJR, WFOH, TCB, 17Main, Grander, WFO, Ponder, BLEH, OFH are collectively referred to as "Entity Defendants". Shumate, Lopez, Higgins, Pollard, Miller, and individual John Doe Defendants are collectively referred to as "Individual Defendants" and collectively the Entity Defendants and the Individual Defendants are referred to as "Defendants". Defendants are alleged to be members of an ongoing civil conspiracy to commit fraud[1], including bankruptcy fraud, by and through the knowing participation in a conspiracy to breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and through the creation and existence of a conspiracy[2] to intentionally and with full knowledge of the fiduciary or special relationship, participate and aid and abet Shumate and Lopez as ultimate owners and control persons of the entity Co-Defendants. For the purpose of this Complaint but not by way of limitation, Shumate and Lopez are sometimes referred to herein as "Control Persons" over the "Entity Defendants" and John Doe Defendants.

## II.
## JURISDICTION AND VENUE

24.     The United States Bankruptcy Court for the Western District of Texas (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. § 1334. This is a core proceeding under

---

[1]     As set out herein below fraud includes (i) denuding the Debtor of its assets and opportunities, (ii) using the Debtor or other Entity Defendants for the improper benefit of one or more of the Individual Defendants (alter ego); (iii) allowing one or more Entity Defendants to wrongfully obtain assets and opportunities of the Debtor (reverse alter ego); (iv). Common law fraud under the laws of the State of Texas; (v.) Bankruptcy fraud, including 18 U.S.C. §§ 151, 152, 157 and violation of the automatic stay.

[2]     *See Kinzbach Tool Co. v. Corbett-Wallace Corp*., 138 Tex. 565, 160 S.W.2d 509, 514 (1942).

28 U.S.C. § l 57(b), and to the extent necessary the Plaintiff consents to the Court entering a final order consistent with Article III of the United States Constitution.

25.    Venue is proper under 28 U.S.C. §§ 1408 and 1409 as set out herein the Debtor is a Texas Limited Liability Company with at least one of its members being a Texas citizen and the acts and conduct herein complained in part took place in the Western District of Texas.[3] Many of the Entity Defendants are Texas Limited Liability Companies with at least one of its members being a Texas citizen.

26.    The basis for the relief requested herein are sections 105(a), 361, 362, and 363 of the Bankruptcy Code, Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4001, 9013-1, 9014 of the local rules of the Court (the "Bankruptcy Local Rules").

### III.
### PRELIMINARY STATEMENT OF
### THE NEED FOR EMERGENCY RELIEF

27.    This Complaint alleges a complex civil conspiracy for the purpose of defrauding, denuding, and bankrupting the Debtor through a scheme of affiliated companies and asset-manipulations designed to promote only the interests of the Individual Defendants at the expense of Plaintiff and its assets and opportunities (including Plaintiff's claims against the Entity Defendants). This civil conspiracy dates to at least 2020 and involves fraud occurring prior to the voluntary Chapter 7 case-filing and, importantly, the actual fraud *after the Petition Date* of December 13, 2023. Although the allegations of the civil conspiracy's pre-petition conduct involve likely more than $50 million in fraudulent transfers and theft, it is the post-petition conduct of the Individual Defendant-members of this civil conspiracy that immediately threatens the Trustee's

---

[3]    See De Aguilar v. Boeing Co., 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting Duncan v. Cessna Aircraft Co., 665 S.W.2d 414, 421 (Tex. 1984)) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue.").

Estate and the creditors' recoveries from this Estate through conduct to physically destroy and spoil the Debtor's and other affiliated parties business books and records, and to remove and hide from the possession of the Debtor substantial assets, including equipment, tools, vehicles, and records. The purpose of the Emergency injunctive relief sought by this Complaint deals with this actual and ongoing destruction, burning, and burying of literally thousands of pages of written records belonging to the Debtor, by direction of Shumate and Lopez and the participation of all the Individual Defendants.

28. Without the emergency relief sought, the Trustee's Estate will be rendered valueless and the ability to know and reconstruct the years of fraudulent conduct will be impeded to a point that may not allow such reconstruction. Plaintiff will be filing under seal the Declaration of an individual with personal knowledge attached hereto as Exhibit A and incorporated herein by reference as is fully set out herein *verbatim*.

## IV.
## RELEVANT BACKGROUND FACTS

### A. Introduction

29. Frank Thomas Shumate ("Shumate") is the mastermind of this elaborate scheme designed to defraud denude and bankrupt the Debtor.

30. Shumate has accomplished this elaborate scheme with the assistance, aid and abetting of the Individual Defendants.

31. The scheme involved the creation of numerous entities controlled by Shumate with the assistance, aid and abetting of the Individual Defendants.

32. The Organizational Chart below illustrates the various entities used by Shumate and the Individual Defendants to carry out their fraudulent scheme and activities:



**B.     Facts Relevant to Need for Emergency Relief**

33.     The Trustee has recently learned that Shumate with the assistance, aid and abetting of Loretta Higgins, directed the destruction of the Debtor's books and records and, on information and belief, along with certain of the Entity Defendants' books and records.  The Declaration of Declarant establishes that on Friday, March 22, 2024, having been served with a subpoena directing her to turn over the Debtor's books and records to the Chapter 7 Trustee, John Patrick Lowe ("Trustee"), began going through certain records of the Debtor located at the Debtor's yard located at 5821 Agnes St. Corpus Christi and creating a "burn" pile for destruction. See Exhibit A, Declaration of Declarant, which is being filed under seal.

34.     Loretta Higgins, the Debtors CPA and Defendant herein, directed Declarant to take the" burn pile" of records to the FTS ranch and destroy the records.

35.     On Saturday March 23rd, 2024, Defendant Higgins continued going through the Debtor's records and created an additional burn pile for destruction.

36.     On Monday March 25th, 2024, at the direction of Defendant Higgins, Travis Lewis, an employee of Shumate, used a trackhoe to dig a hole to burn the records onsite at the Debtors yard at 584 Agnes

Street in Corpus Christi, Texas.  The picture below is the burn pit where certain records of the Debtor and the subject in part of the Trustee's subpoena directed to Higgins:



37.      Declarant witnessed a large amount of Debtor's records placed into the burn pit where Travis Lewis lit the records on fire and left the fire burning overnight.

38.      On March 26th, 2024, Travis Lewis backfilled the hole with the excavated dirt.

39.      Additionally, as established by the Declaration of Declarant, Exhibit A, Travis Lewis is taking laptops and computers of the Debtor to a service so the hard drives can be wiped.

40.      Declarant also has moved equipment such as trackhoes, telehandlers, skid steers, to name a few, to Justice of the Peace, Jerry Miller's property,

41.     Declarant has personally witnessed Defendant Miller at the 5821 Agnes Yard loading up trailers of wireline assets and moving them to his properties in Kenedy County, Texas. The picture below is Defendant Miller during a traffic stop with the Debtor's property on his trailer:



### C.     Relevant Facts Regarding All Claims and Causes of Action

42.     Shumate commingled the Debtor's funds with the funds of Cinch Energy Services, LLC ("CES") and then directed where the commingled funds were used, frequently for his personal use and benefit in making house payments, ranch payments, etc.

43.     Shumate diverted Debtor's funds to himself to support his extravagant lifestyle with multiple homes, ranches, yachts and an airplane.

44.     The Debtor's funds were used to start the various of the Entity Defendants and various other entities used in the scheme orchestrated by Shumate with the assistance of the individual Defendants.  The

entities listed below, the Entity Defendants, were used for various purposes to denude and bankrupt the Debtor:

   a.   HOOK N BULL PROPERTIES, LLC – Entity that has real estate in Karnes County and had property in Kenedy County but was conveyed to BL equity Holdings. This real estate was purchased in part with Debtor's funds.

   b.   FTS RANCH, LLC – Frank Shumate's personal ranch located in Karnes County. This ranch was purchased with Debtor's funds.

   c.   TEXAS COAST BUILDERS, LLC – Frank Shumate's home building business with property in Nueces, San Patricio and Wilson Counties. This operation was funded in part with diverted funds of the debtor.

   d.   PONDER RANCH, LLC – Entity that holds mineral interest conveyed from Cinch Investment Holdings, LLC. This is presently paying royalties to Ponder Ranch, LLC rather than the rightful holder the Debtor.

   e.   WFO HOMES, LLC - Frank Shumate's home building business with property in Wilson County, which was funded with funds diverted from the Debtor.

   f.   GRANDER HOLDINGS, LLC – Entity that has property in Karnes County and various motor vessel yachts utilized by Frank Shumate. These assets were purchased using funds diverted from the Debtor.

   g.   17 MAIN LLC - Entity that holds real estate in Karnes County conveyed from Cinch Investment Holdings, LLC. This real property was acquired with diverted funds from the Debtor.

h.    OCEAN FLOOR HOLDINGS, LLC – Entity that has two homes in Orange Beach, AL that was conveyed from Frank Shumate.  These homes were purchased with diverted funds from the Debtor.

i.    BL EQUITY HOLDINGS, LLC – Entity that received property conveyed from Hook N Bull Properties, LLC that was sold.  Funds diverted from the Debtor were used to acquire this property.

j.    FTSJR HOLDINGS, LLC – Entity that has real estate in Bexar County. Is also the sole member of Superior Ready Mix, LLC and Chattington Investments, LLC. Funds diverted from the Debtor were used to acquire this property.

k.    SUPERIOR READY MIX OF TEXAS, LLC – Entity is in the ready-mix business in Marion and Castroville, TX.  Funds diverted from the Debtor.

l.    WFO, LLC – Entity that is in the home building business with real estate in Wilson and Bexar Counties. It also has a ready-mix facility in Crandall, TX operated under a dba WFO Facility at 15 Rivers.  These assets were acquired with diverted funds of the Debtor.

m.    CES GROUP HOLDINGS, LLC – Entity where Cinch Wireline is still operating with Cinch Wireline Services, LLC assets,

n.    LOS CABOS RANCH, LLC – Mark Lopez's personal ranch located in Victoria County, TX.  This ranch was acquired with diverted funds from the Debtor.

o.    CINCH INVESTMENT HOLDINGS, LLC – Entity that has real state in Karnes, Wilson and Atascosa Counties.  This real estate was acquired with diverted funds from the Debtor.

45.     The Individual Defendants have, through this maze of Entity Defendants, manipulated the funds and opportunities of the Plaintiff and Plaintiff's estate for the sole purpose of benefiting the Individual Defendants.  Critical to the description of these self-motivated manipulations are the books and records of these various Entity Defendants.  The manipulations include taking earnings, accounts receivables and opportunities of Plaintiff and simply treating those assets on the books and records of the Entity Defendants (principally Cinch Energy Services "Cinch Energy" or most recent, post-petition, creating a new Entity Defendant and taking as its "assumed name "*Cinch Wireline*" and "*Cinch Energy*" after having shut down the Entity Defendant Cinch Energy's operations, but continuing to use both Cinch Wireline (Plaintiff) and Cinch Energy's assets, employees, and business name.  Obtaining the books and records are vital to this Complaint as made obvious by the bold and shocking "burn pits" and theft of Debtor's equipment.  Likewise, as to certain government payments related to employee retention arising from the Covid pandemic, the Individual Defendants simply took the funds from Plaintiff and disbursed them to Cinch Energy or directly to the Individual Defendants.  As government-controlled funds, it likely is further motivation for these Individual Defendants outrageous conduct pre-petition and post-petition.

## V.
## CLAIMS AND CAUSES OF ACTION

**A.     CIVIL CONSPIRACY TO COMMIT FRAUD AND BANKRUPTCY FRAUD INCLUDING DENUDING THE DEBTOR OF ASSETS AND LIABILITIES, INCLUDING PROPERTY OF THE ESTATE**

46.     Plaintiff incorporates ¶¶ 1 through 45 in this Cause of Action as if set out herein *verbatim*.

47.     All Individual Defendants acting from time to time, sought, through a joint meeting of the minds of the Individual Defendants and through a common scheme to personally benefit their own interests over the interest of Plaintiff or the Entity-Defendants indebted to Plaintiff, committed multiple unlawful overt acts that resulted in Plaintiff's damages.

48.    The actions of Defendants in furtherance of the civil conspiracy purposely and wrongfully violated the property and corporate rights of Plaintiff, through malice with no legitimate purpose or intent otherwise to be served.

49.    The Individual Defendants are acting with a common purpose and meeting of the minds to commit fraud through the acts, directions, and control of the Entity Defendants.

50.    As a proximate result of Defendants actions Plaintiff has been damaged in the loss of value of its enterprise, loss of profits, loss of assets and funds wrongfully taken and converted to Defendants personal use, knowingly destroyed the books and records of Plaintiff, and knowingly conspired to violate the automatic stay imposed by law on the Petition Date of Plaintiff's case.

51.    Defendants are jointly and severally liable for all damages caused by the knowing and intentional acts and conduct of the civil conspiracy to injury Plaintiff's property and property of this estate.

52.    Because the actions and conduct of the civil conspiracy were wrongful and intentional and in furtherance of perpetuating a fraud, Defendants are jointly and severally liable for punitive damages as set out below.

**B.    THE INDIVIDUAL DEFENDANTS ARE OPERATING A SINGLE BUSINESS ENTITY COMPRISED OF ALL ENTITY-DEFENDANTS**

53.    Plaintiff incorporates ¶¶ 1 through 45 in this Cause of Action as if set out herein *verbatim*.

54.    The Entity Defendants have been formed, operated, and structured in such a manner that it functions merely as an adjunct, tool, or business conduit of another Entity Defendant or Individual Defendant, and at the direction and centralized control of the Individual Defendants through exercise of a centralized control, shared finances, and mutual purpose of perpetuating a fraud.

55.    Plaintiff has established the abuse of the corporate structure, such fraud, evasion of obligations, criminal conduct by the Individual Defendants inconsistent actions to ignore the

corporate formalities of the various limited liability companies through the scheme of creating multiple Entity Defendants to hide and secret the fraudulent conduct of the civil conspiracy through:

    a.    Common or centralized offices, employees, accounting, or business names;

    b.    Wages paid by one corporation to another corporation's employees;

    c.    Services rendered by one corporation's employees on behalf of another corporation;

    d.    undocumented, false, or hidden transfers between corporations (including fraudulent conveyance);

    e.    intentional hiding and account to create unclear profit and loss allocation between corporations.

    f.    and other actions taken to solely benefit the Individual Defendants and hide transactions that denude and create losses by the Plaintiff to the benefit of the Defendants and ultimately, the Individual Defendants through the perpetuation of this fraud.

56.    Defendants are jointly and severally liable for all damages caused by the knowing and intentional acts and conduct to accomplish and perpetuate the fraud by operating a single business entity.

57.    Because the actions and conduct were wrongful and intentional and in furtherance of perpetuating a fraud, Defendants are jointly and severally liable for punitive damages.

58.    The Plaintiff is entitled to a Declaration, and an order and judgment that all assets of all Entity Defendants are part of the property of the estate of Plaintiff as operated by the Individual Defendants as a Single Entity and an order and judgment should be entered declaring same, and providing for the recovery of all assets, actual damages, and punitive damages.

**C.    INDIVIDUAL DEFENDANTS AS THE ALTER EGO OF THE ENTITY DEFENDANTS – PIERCING THE LLC VEIL**

59.    Plaintiff incorporates ¶¶ 1 through 45 in this Cause of Action as if set out herein *verbatim*.

60.    The Individual Defendants (or some of them) served in fiduciary or special relationships to the Entity Defendants or acted to aid and abet the breach by the Individual Defendants in their fiduciary relationship.  The fraudulent actions were conducted and perpetrated primarily for the personal benefit of the Individual Defendants.

61.    The Individual Defendants used the Entity Defendants to perpetrate an actual fraud primarily for the purpose of the Individual Defendants' personal benefit, through the civil conspiracy of the Individual Defendants dishonesty of purpose and intent to deceive.

62.    The Individual Defendants (or some of them) entered into a civil conspiracy, from time to time, for the purpose of using the corporate fiction as an unfair device to achieve an inequitable result.  The civil conspiracy promoted, allowed, and permitted:

a.    The co-mingling of Entity Defendants' and Plaintiff's funds and the Individual Defendants funds.

b.    The Individual Defendants used Entity Defendants and Plaintiff's funds as their personal funds to pay personal debts.

c.    The Individual Defendants used Entity Defendant's and Plaintiff's assets and opportunities as their own and to pay personal debts or to be personally benefitted from such improper use.

d.    The Individual Defendants manipulated assets and opportunities from Plaintiff for the purpose of their personal use or to directs Plaintiff's assets and opportunities to other Entity Defendants for the Individual Defendants personal use and benefit.

63.    There is such a unity of interest, created as a result of the civil conspiracy, between the

Individual Defendants (or some of them) and the Entity Defendants such that the separateness of the various Entity Defendants and the Individual Defendants that the separateness of the Entity Defendants has ceased and holding only the Entity Defendant liable would result in injustice.

64.     The Individual Defendants are deemed the alter ego of the respective Entity Defendants as shown from the "total dealings" of the Entity Defendants and the Individual Defendants.

65.     Accordingly, this Court must disregard the corporate fiction, pierce the entity veil, and hold liable the Individual Defendants for all claims due by the Entity Defendants to Plaintiff for the improper receipt, use, or dealings with Plaintiff's assets and opportunities.[4]

## D.     INDIVIDUAL ENTITY DEFENDANTS AS THE REVERSE ALTER EGO OF THE INDIVIDUAL DEFENDANTS

66.     Plaintiff incorporates ¶¶ 1 through 45 in this Cause of Action as if set out herein *verbatim*.

67.     The Individual Defendants (or some of them) served in fiduciary or special relationships to the Entity Defendants or otherwise acted to aid and abet the breach by the Individual Defendants of their fiduciary relationship.

68.     The Individual Defendants (or some of them) entered into a civil conspiracy, from time to time, for the purpose of using the corporate fiction as an unfair device to achieve an inequitable result.

69.     The Individual Defendants wrongfully, intentionally, and in furtherance of the civil conspiracy, conferred benefits on the Entity Defendants by (i) fraudulently transferring assets and opportunities to the Entity Defendants that were owned by the Plaintiff; (ii) by fraudulently concealing the rights of Plaintiff in its assets and opportunities for the purpose of benefitting the Entity Defendants.

70.     These benefits obtained by the Entity Defendants were substantial in value or consisted of cash funds of the Plaintiff transferred to, or secretly recorded on, the books and records of the Entity

---

[4]     In Texas, the corporate veil may be pierced where "(1) the [LLC] is the alter ego of its owners and/or shareholders; (2) the [LLC] is used for illegal purposes; and (3) the [LLC] is used as a sham to perpetrate a fraud." *Rimade Ltd. v. Hubbard Enters*., 388 F.3d 138, 143 (5th Cir. 2004).

Defendants for the fraudulent purpose of fraudulent concealment.

71.     The Court should determine that the Entity Defendants are jointly and severally liable, along with the control group Individual Defendants.

**E.     ALTERNATIVE – FRAUDULENT TRANSFERS (11 U.S.C. §§ 548 AND 550) AND PREFERENCE RECOVERY (11 U.S.C. §§ 547 AND 550)**

72.     Plaintiff incorporates ¶¶ 1 through 45 in this Cause of Action as if set out herein *verbatim.*

73.      Within the past four (4) years the Defendants have actively, knowingly, and intentionally caused Defendants to fraudulently transfer Plaintiff's property of the estate assets and opportunities without fair equivalent value, or in most case, without consideration at all.  Within the year prior to the Petition Date, the Defendants have actively, knowingly, and intentionally obtained preferential transfers of Plaintiff's assets and funds.

74.     The Individual Defendants were all persons acting pursuant to the civil conspiracy in concert to control the Entity Defendants and Plaintiff.

75.     The Individual Defendants were Insiders as that term is defined in 11 U.S.C. § 101, *et.seq*

**(i)     Avoidance of Preferential Transfers**

76.     Within a year of the Petition Date the Individual Defendants obtain valuable distributions of money and property from the Plaintiff which constitutes an avoidable preference.

77.     The Individual Defendants obtain valuable distributions of money and property from the Entity Defendants, much of which originated from Plaintiff, or which originated from an opportunity of Plaintiff converted and taken by the Defendants for the benefit of the Entity Defendants.

78.     This Court should avoid each and every preferential transfer made to or for the benefit of the Individual Debtors within one year of the Petition Date of Plaintiff's case.

79.     Based on the foregoing, the Plaintiff is entitled to recover the value of the Preferential Transfers from the transferee Defendant(s) pursuant to section 550 of the Bankruptcy Code.

      **(ii)**      **Fraudulent Transfers**

80.      Within four (4) years of the Petition Date the Individual Defendants have caused Plaintiff to fraudulently transfer its property of the estate and opportunities to either the Individual Defendants directly, or to the Entity Defendants directly and then indirectly to the Individual Defendants.

81.      Each such fraudulent transfer was for less than fair equivalent value or for no value at all.

82.      Each such fraudulent transfer was intentionally made to hinder, delay, or defraud creditors, including Plaintiff, the United States Government, creditors, and the public.

83.      Each such fraudulent transfer was made at a time when the Plaintiff was insolvent, or the result of the fraudulent transfers rendered Plaintiff insolvent or unable to pay its debts as they matured.

84.      Based on the foregoing, the Plaintiff is entitled to avoid the fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

85.      Based on the foregoing, the Plaintiff is entitled to recover the value of the Fraudulent Transfers from the transferee-Defendant(s) pursuant to section 550 of the Bankruptcy Code.

      **F.**      **SPOILATION OF BUSINESS RECORDS TO PERPETUATE THE FRAUD**

86.      Plaintiff incorporates ¶¶ 1 through 45 in this Cause of Action as if set out herein *verbatim*.

87.      Individual Defendants had actual knowledge of the pending bankruptcy and duty to preserve all books and records.  Individual Defendants had actual knowledge of receipt of a spoilation letter demanding all records be preserved.  Entity Defendants had actual or constructive notice of the pending bankruptcy through the control-persons Individual Defendants.

88.      The Individual Defendants were insiders and control persons, and all Defendants had a duty to preserve all books and records of Plaintiff and all Defendants had a duty to preserve all books and records of Plaintiff.

89.     Defendants intentionally destroyed significant books and records of Plaintiff and did so with malice and the perpetuate the fraud.

90.     The Defendants spoilation significantly impairs the ability of Plaintiff to prove their case and in particular to establish an accurate record of the civil conspiracy to commit fraud.

91.     Plaintiff is entitled to a judgment and order for payment of sanctions in an amount to equal to the costs to reconstruct these records and to discourage others from taking the similar conduct, in an amount of not less than $350.000.00.

92.     Plaintiff is entitled an order and judgment imposing on the trier of fact the presumption that the destroyed evidence was unfavorable to the spoliating party requiring the spoliating party has the burden of disproving the presumed fact (that the evidence is unfavorable to the spoliating party).

## G.     INTENTIONAL AND KNOWING VIOLATION OF THE AUTOMATIC STAY

93.     Plaintiff incorporates ¶¶ 1 through 45 in this Cause of Action as if set out herein *verbatim*.

94.     The filing of the voluntary petition by Plaintiff, at the direction and control of the Individual Defendants, automatically created the injunctive relief sought to be imposed by this Complaint generally known as the "automatic stay."

95.     Plaintiff has established that the Individual Defendants have knowingly and intentionally, and with the purpose of perpetuating the fraud and covering up the fraud by violating the automatic stay.

96.     Plaintiff has suffered actual damages, both direct and indirect, including the loss of property of the estate and opportunities owned by the Plaintiff as property of the estate, by the intentional conduct to violate the automatic stay.

97.     Plaintiff is entitled to recover from Defendants all actual damages for violation of the automatic stay and further entitled to recover punitive damages for the knowing and intentional violation of the automatic stay.

### H.     INTENTIONAL AND KNOWING THEFT AND CONVERSION OF THE DEBTOR'S INTEREST IN PROPERTY OF THE ESTATE

98.     Plaintiff incorporates ¶¶ 1 through 45 in this Cause of Action as if set out herein *verbatim*.

99.     Plaintiff has established that the Defendants have knowingly and intentionally taken from Plaintiff its property of the estate or its interest in property of the estate, including the taking of the Plaintiff's business name "Cinch Wireline" as a fictitious name of the Defendants, all designed to solely benefit the Individual Defendants through the perpetuation of the fraud.

100.    Plaintiff is entitled to recover from Defendants all actual damages for the theft and conversion of Plaintiff's property of the estate.

101.    Defendants are jointly and severally liable for all damages caused by the knowing and intentional acts and conduct to accomplish a theft and conversion of Plaintiff's property and property of this estate.

102.    Because the actions and conduct were wrongful and intentional and in furtherance of perpetuating a fraud, Defendants are jointly and severally liable for punitive damages.

### I.     INJUNCTIVE RELIEF - APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

103.    The standard for issuing a temporary restraining order ("TRO") is the same as the standard for issuing a preliminary injunction. *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Injunctive relief is "an extraordinary remedy" that may be awarded only upon "a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 22, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008). "[S]uch extraordinary relief would issue only

where (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest." *Clark*, 812 F.2d at 993. "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." Id. But "none of the four prerequisites has a fixed quantitative value." *State of Tex. v. Seatrain Int'l, S. A.,* 518 F.2d 175, 180 (5th Cir. 1975). "Rather, a sliding scale is utilized, which takes into account the intensity of each in a given calculus." Id. (citing Siff v. State Democratic Exec. Comm., 500 F.2d 1307 (5th Cir. 1974)).

104.    A temporary restraining order is meant only to "preserve, for a very brief time, the *status quo*, so as to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976). Importantly, "[i]f the currently existing *status quo* itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, . . . by, [inter alia,] returning to the last uncontested *status quo* between the parties." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974) (emphasis, ellipsis, and alteration added) (citation omitted); *see also United States v. FDIC*, 881 F.2d 207, 210 (5th Cir. 1989) ("[T]he district court has the equitable power to return the parties to their last uncontested status."). Here, the temporary restraining order sought is to prevent the continued conduct that prevents this Court's ability to return to the status quo – the spoilation of evidence and the theft of property.

**A.    There is a Substantial Likelihood That The Movant Will Prevail on The Merits**

105.    Plaintiff has plead facts and attached a declaration and admissible evidence that establish each element of its claim of a civil conspiracy to perpetuate a fraud on Plaintiff and on the public. Most

important is the evidence that the Individual Defendants have continued the fraud against Plaintiff after the filing of Plaintiff's voluntary Chapter 7 case and appear to have no intention to cease the fraudulent and wrongful conduct taken in violation of the bankruptcy codes automatic stay. There is no other adequate remedy at law to prevent the damage to Plaintiff other than the injunctive relief sought.

106.     Accordingly, Plaintiff has shown a strong likelihood that it will prevail on the merits of its claims justifying the granting of injunctive and protective relief.

**B.      There is a Substantial Threat That Irreparable Harm Will Result if The Injunction And Injunctive Relief Is Not Granted**

107.     Plaintiff has plead facts and attached a declaration and admissible evidence that establish irreparable harm will result if the injunctive relief is not granted. Critically, the destruction of Plaintiff's business records and the business records of other Entity Defendants at the hands of the Individual Defendants will create a damage and injury that cannot be overcome, notwithstanding the evidentiary presumptions that arise from the intentional spoilation of evidence.

108.     The fact that evidentiary presumptions against these Defendants is an inadequate remedy to prevent the irreparable damages that result from loss of business records and loss of assets, and thus there is no other adequate remedy at law.

109.     Accordingly, Plaintiff has shown a strong likelihood that it will suffer irreparable harm justifying the granting of injunctive and protective relief.

**C.      The Threatened Injury Outweighs the Threatened Harm to The Defendants**

110.     Plaintiff has plead facts and attached a declaration and admissible evidence that establish that the harm and threatened harm to Plaintiff is substantial and the threat of further loss is significant and material, and far outweighs the threatened harm to the Defendants.

111.     Preserving business records and property of the estate is of no harm to the Defendants. Returning property of the estate to the Plaintiff Trustee is of no harm to the Plaintiff.

112.     Accordingly, Plaintiff has shown that the injury to Plaintiff far outweighs the harm that may occur to Defendants from the conduct of the Individual Defendants, justifying the granting of injunctive and protective relief.

**D.     The Granting of The Preliminary Injunction Will Not Disserve the Public Interest**

113.     Plaintiff has plead facts and attached a declaration and admissible evidence that establish the granting of the injunctive relief will serve the public interest of protecting the bankruptcy process and the rights of creditors and parties in interest impacted by the Plaintiff's bankruptcy filing.

114.     Plaintiff is entitled to a temporary restraining order and preliminary injunction pursuant to Rule 7065, Bankruptcy Rules of Procedure, prohibiting and enjoining, and mandatorily enjoining, all Defendants jointly and severally, their agents, owners, members, officers, directors, professionals, accountants, lawyers, and all representatives acting at the direction, express or implied, from:

   a.     Spoilation of any business records, whether digital or hard copies; and

   b.     Taking, converting, using, selling, removing or hiding all property of the estate of the Plaintiff; and

   c.     From failing to deliver to Plaintiff of all business records existing to the Plaintiff within 10 days of the date of the order and judgment; and

   d.     From failing to delivery to Plaintiff of all property of the estate within 10 days of the date of the injunction order and judgment.

   e.     Payment of sanctions within 30 days of the date of the injunction order in the amount of $350,000.00 or as determined by the Court and paid into the registry of the Court; and

      f.        To include such other terms and provisions as necessary to (i) fully protect the interests of Plaintiff's estate; and (ii) Recovery those assets, funds, records, and opportunities taken, as may be required from time to time to assure a just result.

115.      The Plaintiff as a Chapter 7 Estate Trustee is not required by law to post a bond in respect to this request for injunctive relief.

## VI.
## CONCLUSION AND PRAYER FOR RELIEF

116.      The Individual Defendants have created and perpetuated a fraud on Plaintiff and the public through the operation of the civil conspiracy to defraud and by operating multiple entities as a single entity to serve and enrich only the Individual Defendants.  This fraud did not stop upon the filing of this Chapter 7 case by those same Insider Defendants (for the purpose solely of delay of other court's is unwinding these frauds). These Insiders have not only the fraud of manipulation of the Entity Defendants (e.g., taking the intellectual property of Plaintiff and its business name as examples) but have accelerated the stealing of the Plaintiff's assets and actually commenced a campaign of burning and hiding corporate records that would expose and establish the fraud.

117.      Most urgent, of course, is the injunctive relieve to attempt to stop and to recover, if possible both property and records stolen, to determine the scope of the John Doe defendants and pursue the fact of this case to its just conclusion.

WHEREFORE, Trustee Patrick Lowe prays for the relief above requested, including an expedited emergency hearing on the temporary restraining order and a prompt hearing on the preliminary injunction requested, and for such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Dated: April 8, 2024

Respectfully submitted,


By:    /s/ *Butch Boyd*
        Butch Boyd
        State Bar No. 00783694
        Butch Boyd Law Firm, P.C.
        2905 Sackett Street
        Houston, TX 77098
        713.589.8477
        713.589.8563 (Fax)
        Email: butchboyd@butchboydlawfirm.com

        /s/ *Shelby A. Jordan*
        Shelby A. Jordan
        St. Bar No. 11016700
        Antonio Ortiz
        St. Bar No.  24074839
        ***JORDAN & ORTIZ, P.C.***
        500 North Shoreline Blvd., Suite 804
        Corpus Christi, TX 78401
        Telephone:  361.884.5678
        Facsimile:  361.888.5555
        Email:    sjordan@jhwclaw.com
                     aortiz@jhwclaw.com
        Copy to:    cmadden@jhwclaw.com
        **SPECIAL COUNSEL FOR JOHN PATRICK**
        **LOWE, CHAPTER 7 TRUSTEE**

# EXHIBIT A – DECLARATION OF DECLARANT TO BE FILED UNDER SEAL