**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 11, 2024.**



_____
**CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE**

## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** § | Case No. 23-51742-cag | |
| **CINCH WIRELINE SERVICES, LLC** § | | |
| Debtor § | Chapter 7 | |
| _____ § _____ | | |
| **JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR CINCH WIRELINE SERVICES, LLC** § § § | | |
| Plaintiff § | | |
| § | Adversary 24-05011-cag | |
| v. § § | | |
| **CINCH ENERGY SERVICES, LLC; CINCH INVESTMENT HOLDINGS, LLC; CES GROUP HOLDINGS, LLC; HOOK N BULL PROPERTIES, LLC; LOS CABOS RANCH, LLC; FTS RANCH, LLC; FTSJR HOLDINGS, LLC; WFO HOMES, LLC; TEXAS COAST BUILDERS, LLC; 17 MAIN, LLC; GRANDER HOLDINGS, LLC; WFO, LLC; PONDER RANCH, LLC; BL EQUITY HOLDINGS, LLC; OCEAN FLOOR HOLDINGS, LLC; FRANK THOMAS SHUMATE; MARK LOPEZ; LORETTA L. HIGGINS; TIMOTHY GAINES POLLARD; JERRY MILLER and such other yet unknown Defendants ("JOHN DOE DEFENDANTS")** § § § § § § § § § § § § § § § § | | |
| Defendants § | | |

### TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING ON PRELIMINARY INJUNCTIVE RELIEF

Upon the Motion for the Emergency Relief of a Temporary Restraining Order, and Thereafter Preliminary and Permanent Injunctive Relief, accompanying the Verified Complaint to Avoid Fraudulent Transfers and Preferences, to Recover Property of the Estate and Damages Thereto, and for Declaratory Relief and upon the unsworn declaration of Declarant reciting facts within his personal knowledge that would justify the entry of a temporary restraining order, and upon review of the pleadings and hearing argument of counsel the court finds for the purpose of this temporary injunction that (i) the Plaintiff has established a likelihood of prevailing on the merits of one or more of its clams; and (ii) the is a substantial threat irreparable harm will result to the Plaintiff if the TRO is not granted; and (iii) the harm to the named Defendants if the TRO is issued is greatly outweighed by the harm to the Plaintiff, and (iv) granting of the TRO will not violate any public policy or disserve the public interest; and the Court further finds that it has jurisdiction to enter the injunctive relief sought and, further finds notice according to docket #4 was served on James Wilkins and Paul O'Finan, and further notice by recording in the main case ecf according to main case docket #68, constitutes adequate notice pursuant to Rules 7065 and 105, Bankruptcy Rules of Procedure, and, accordingly, grants the motion for a temporary restraining order, and it is therefore

ORDERED that the Defendants, and each of them, along with each of their respective agents, owners, members, employees, officers, directors, professionals, accountants, lawyers, and all representatives acting at the direction, express or implied of any Defendant, be and hereby is restrained, prohibited, and enjoined from:

a. Spoilation of evidence by destroying, removing, erasing, hiding, or secreting of any of Plaintiff's business or other records, whether digital or hard copies, or any records of any Defendant relating directly or indirectly to Plaintiff or transactions with Plaintiff; and

b. Taking, converting, using, selling, moving, or removing or hiding any tangible or intangible property of the estate of the Plaintiff; and

c. Removing or hiding any form of written or digital records of any Defendants' dealing in any commercial, financial, or operational transaction of the business of any of the

Defendants relating to the Plaintiff; and it is further

ORDERED that the Defendants and each of them, along with each of their respective agents, owners, members, employees, officers, directors, professionals, accountants, lawyers, and all representatives acting at the direction, express or implied of any Defendants, be and hereby are mandatorily enjoined to do or take the following actions:

    a.    to deliver to Plaintiff all Plaintiff's business records existing and, in the possession or control, of any Defendant or each of their respective agents, owners, employees, members, officers, directors, professionals, accountants, lawyers, and all representatives acting at the direction, express or implied of any Defendant, within 14 days of the date of this order; and

    b.    to deliver to Plaintiff of all "property of the estate" as defined in 11 U.S.C. 541 and in the possession or control of any Defendant or each of their respective agents, owners, members, officers, directors, professionals, accountants, lawyers, and all representatives acting at the direction, express or implied of any Defendant, within 14 days of the date of the injunction order; and it is further

    c.    to deliver to Plaintiff the username and password, or such other sign-on or access codes necessary for complete access to the QuickBooks or such other accounting software containing any information relating, directly or indirectly and utilized by Plaintiff or Defendants within 14 days of the date of the injunction order; and it is further

ORDERED that neither Defendants nor each of their respective agents, owners, members, officers, directors, professionals, accountants, lawyers, and all representatives acting at the direction, express or implied of any Defendant, shall retaliate in any manner against any person furnishing information to the Plaintiff, including but not limited to current or past employee, for disclosing information regarding the subject of the Complaint and this Order, including but not limited to firing, attempting to or actually physically or otherwise intimidate or threaten or interfere in any manner with any efforts of an person to cooperate with the Plaintiff regarding its Plaintiffs business assets and business records; and it is further

ORDERED that a hearing on the Plaintiff's request for a Preliminary Injunction shall be heard on April 19, 2024 at10:30 o'clock AM in the United States Bankruptcy Court for the Western District of Texas (San Antonio Division) third floor courtroom, located at 615 E. Houston Street, San Antonio, Texas, or as may be extended by this Court, on notice to parties of record, for up to an additional 14 days; and it is further

ORDERED that this TRO may be amended from time to time prior to the hearing on the request for a preliminary injunction, upon notice as this Court may direct, which amendments may include further requests for relief in the event that there is any failure or refusal by a Defendant to comply with the terms of this Order as well as requests for Sanctions or other non-monetary relief set out in the Complaint.

***

Order prepared by:

Shelby A. Jordan
State Bar No. 11016700
JORDAN & ORTIZ, P.C.
500 N. Shoreline Blvd, Suite 804
Corpus Christi, TX 78401
Phone: (361) 884-5678
Fax: (361) 884-5555
Email: sjordan@jhwclaw.com
copy to: cmadden@jhwclaw.com

Butch Boyd
State Bar No. 00783694
BUTCH BOYD LAW FIRM, P.C.
2905 Sackett Street
Houston, TX 77098
Phone: (713) 589-8477
Fax: (713) 589-8563
Email: butchboyd@butchboydlawfirm.com

**SPECIAL COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**