IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
(SAN ANTONIO DIVISION)

| | | |
|---|---|---|
| **In re:** § <br> **CINCH WIRELINE SERVICES, LLC** § <br> Debtor § <br> _____ § | | **Case No. 23-51742-cag** <br> **Chapter 7** |
| **JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR CINCH WIRELINE SERVICES, LLC,** § § § § <br> Plaintiff § <br> v. § § <br> **FRANK THOMAS SHUMATE; MARK LOPEZ; LORETTA L. HIGGINS; TIMOTHY GAINES POLLARD; JERRY MILLER; MARTIN KROESCHE;** § § § § § <br> [The "Individual-Defendants"] § <br> **CINCH ENERGY SERVICES, LLC; CINCH INVESTMENT HOLDINGS, LLC; CES GROUP HOLDINGS, LLC; HOOK N BULL PROPERTIES, LLC; LOS CABOS RANCH, LLC; FTS RANCH, LLC; FTSJR HOLDINGS, LLC; WFO HOMES, LLC; TEXAS COAST BUILDERS, LLC; 17 MAIN, LLC; GRANDER HOLDINGS, LLC; WFO, LLC; PONDER RANCH, LLC; BL EQUITY HOLDINGS, LLC; OCEAN FLOOR HOLDINGS, LLC; SUPERIOR READY MIX OF TEXAS, LLC; SUPERIOR READY MIX, LLC; CAPITAL PROPERTY INVESTING, LLC; CORE ASSET RESOURCES, LLC; DRAKEFIRE MANAGEMENT, LLC; EDMUND HOME BUILDERS, LLC; CHATTINGTON INVESTMENTS, LLC; WILLIAM H HOLDINGS, LLC; LONE STAR CEMENT COMPANY, LLC; TIM POLLARD CONSTRUCTION, INC.** § § § § § § § § § § § § § § § § § § § § § § § § <br> [The "Entity Defendants"] § <br> and Other Yet UNKNOWN DEFENDANTS § <br> ["John Doe-Defendants"]; and § <br> **SIMMONS BANK** § <br> Defendants § | | **Adversary 24-05011-cag** |

# PLAINTIFF'S <u>PARTIALLY</u> UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT TO RECOVER ASSETS AND ACTUAL AND PUNITIVE DAMAGES FOR FRAUD, ACTUAL AND CONSTRUCTIVE FRAUDULENT TRANSFERS, RECOVERY FOR THE RESULTING TRUST IN FAVOR OF PLAINTIFF, AND RELATED INJUNCTIVE, DECLARATORY, AND EQUITABLE RELIEF

TO THE CHIEF UNITED STATES BANKRUPTCY JUDGE CRAIG A. GARGOTTA:

John Patrick Lowe, Chapter 7 Trustee for Cinch Wireline Services, LLC ("Plaintiff", "Trustee", "CWS", or "Cinch Wireline"), and files this Plaintiff's Unopposed Motion for Leave to File Amended Complaint to Avoid Fraudulent Transfers and Preferences, to Recover Property of The Estate and Damages Thereto, and For Declaratory Relief and would show as follows:

## I.
## PROCEDURAL BACKGROUND AND PRELIMINARY STATEMENT

1. The Debtor CWS filed a voluntary petition for relief under Chapter 7, 28 U.S.C. § 101 et. seq., on December 12, 2024 ("Petition Date") and promptly thereafter the United States Trustee's Office appointed Patrick Lowe the Chapter 7 Trustee, who has qualified and has commenced an investigation of claims made by the Debtor through its prior management and owners.

2. The Trustee has discovered multiple transactions that were either fraudulent or were potentially avoidable under state and federal fraudulent transfer statutes by and among a dozen or so individuals and entities created by Tom Shumate, which he uses as his private piggy bank – transferring funds obtained from operations, government-funded programs, encumbering of assets or asset sale, to support his extravagant lifestyle involving multiple million-dollar homes, yachts, airplanes, ranches, exotic animals, and a $250,000 a month personal expense budget.

3. In this investigative process, the Trustee has uncovered what the Trustee considers substantial fraud, defalcations of managers and employees, and significant illegal conduct that

includes (i) hiding and secreting of assets, (ii) turning over possession of assets to non-affiliate third parties to secretly hold or dispose of, and (iii) the transfer of assets to associated parties (individuals and entities) on questionable terms and undisclosed.

4. Additionally, the Trustee has discovered substantial transfers of cash to the owner or control person of the Debtor and the Entity-Defendants, Tom Shumate, sourced from entities he treated as his alter-ego, and all done to perpetuate a fraud on the entity's creditors, the taxing agencies, and the government support programs that were utilized to obtain significant cash funneled ultimately to Tom Shumate.

5. The Trustee has discovered in these multiple transactions orchestrated by Tom Shumate as the owner or control person of a dozen or more related entities involved in the transferring funds and assets for little or no consideration with the ultimate goal of *funneling funds and assets directly to Shumate or funneling the sale proceeds directly to Shumate*. As with almost all Tom Shumate transactions, funds used were seldom generated by the entity he "housed" the asset he acquired for his personal use, and most often, those funds came from CWS or the co-mingled "Deposit Account" at Charter Bank, Corpus Christi. Again, as in most all Tom Shumate transactions, the documents and facts are often contradictory and shrouded in secrecy. The 17 Main transaction is no exception and is more likely a good example.

6. As a result of the Trustee findings, and to promptly obtain injunctive and other relief, the Trustee filed this Adversary against the "Individual-Defendants" and "Entity-Defendants" (defined in the Adversary) and obtained injunctive relief against all of them, However, even in the face of the filed Adversary, subpoenas to appear and testify, and finally injunctive relief, Tom Shumate and those acting in concert with him, have destroyed books and records, wiped entire company and inter-company hard drives and servers clean of all data, hidden

and sold assets, and in fact have sold numerous assets to which CWS claimed ownership or partial ownership, after both before the Petition Date and after the Injunction dates prohibiting such sales.

7. Tom Shumate caused CWS to file its Chapter 7 case as a "no asset" case, even though at the time of the bankruptcy filing, it had millions of dollars in assets, more than 40 employees utilizing 22 company vehicles, ongoing Master Service Agreement accounts receivables with multiple customers, the intangible value of this going enterprise and industry-recognized business name "Cinch Wireline." Nothing in the schedules or statements filed has ever disclosed what happened to these assets - schedules signed under penalty of perjury by Tom Shumate, who the Trustee alleges in fact, orchestrated the theft of these assets placed under the new business owned by Tom Shumate named CES Group Holdings, LLC ("CESGH") which, by conversion of all the Debtor's assets, never missed a single business day of operations. Those operations have all gone into what the Trustee describes as a civil conspiracy of Tom Shumate and those acting in concert with him (primarily Tim Pollard, Loretta Higgins, Martin Kroesche, Jerry Miller, and other Individual-Defendants). This Court has heard more than six (6) days of testimony about many of these allegations and transactions and has entered a Temporary Restraining Order (which the Court extended), an Initial Preliminary Injunction, and ultimately an Agreed Final Preliminary Injunction against many of the Defendants of this Adversary. Each of these hearings was held on notice, and a fair opportunity to appear and participate was given to each Defendant.

8. On June 5, 2024, Cinch Energy Services, LLC, Cinch Investment Holdings, LLC, CES Group Holdings, LLC, Hook N Bull Properties, LLC, FTS Ranch, LLC, FTSJR Holdings, LLC, WFO Homes, LLC, Texas Coast Builders, LLC, Grander Holdings, LLC, Ponder Ranch, LLC, Ocean Floor Holdings, LLC, and Frank Thomas Shumate filed their Motion to Dismiss [Docket #152].

9. At that time Special Counsel announced that the Trustee would be seeking the right to file a First Amended Complaint and counsel indicated below agreed that their clients would not oppose the Motion to Amend or the filing of the First Amended Complaint. However, several parties have not agreed to this Motion and accordingly, the Motion is Partially Opposed.

10. As reflected in the proposed Amended Complaint, this Adversary Proceeding involves a complex scheme of entities and alleged fraud and other misconduct. As this Court is aware, Special Counsel has had difficulty in obtaining the basic business records of these Defendants. This Court has heard the testimony of the burning of business records, of erasing of digital books and records and locking out of the Trustee from the Debtor's offices. Only in the past six (6) weeks has the Trustee began to obtain sufficient information to more fully state its claims and allegations in support of not only a recovery against the named parties, but additional injunctive relief to protect the value of the rights the Trustee believes in recoveries from each of these Defendants.

11. In this case, the additional Plaintiff's interests are based on the same nature as the original claims and factual bases of the Original Complaint. There has been no written discovery between the parties and only a single Rule 2004 Examination taken. Thus, no delay or prejudice to parties' discovery, depositions, or pretrial work will be prejudiced. Also, because of the difficulty in obtaining service and dealing with initial injunctive relief, no written scheduling order has been entered, and the parties have not filed their Rule 26a disclosures. Upon amendment of this pleading, a scheduling order should be entered.

12. Because the discovery remains significantly incomplete, this Motion is not a waiver of any future request to amend pleadings or supplement pleadings.

13. The Trustee seeks to amend the complaint based on discovery and will be adding

several additional parties to the First Amended Complaint, a draft of which is attached hereto as Exhibit "A".

## II.
## ARGUMENTS AND AUTHORITIES

14. *Foman v. Davis*, 371 U.S. 178 (1962), recognizing Federal Rule of Civil Procedure 15(a) declares that leave to amend "shall be freely given when justice so requires," held that the denial of the motion without any apparent justifying reason was an abuse of discretion. *Id.* at 182. This District Court has the discretion to grant or deny this request; however, under these circumstances, a court's "discretion is not broad enough to permit denial" if it "lacks a substantial reason to deny leave." *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).[1] *"The policy of the federal rules is to permit liberal pleading and amendment, thus facilitating adjudication on the merits while avoiding an excessive formalism." Id. Jamison at 1208, citing Dussouy, 660 F.2d at 598, (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); Conley v. Gibson, 355 U.S. 41, 48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).*

15. "Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). In the absence of *undue* prejudice, denial "must be based on bad faith or dilatory

---

[1] Professors Wright and Miller, citing the Fifth Circuit authority and numerous other authorities, also endorsed the reasons for this practice:
> The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading. This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading. Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim. The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990).

motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir.1981). No such evidence exists here, and in fact, Plaintiff has been diligently searching and investigating to determine the proper parties and facts not made known to Plaintiff by any Defendant or proposed Defendant.

16. *"The policy of the federal rules is to permit liberal pleading and amendment, thus facilitating adjudication on the merits while avoiding an excessive formalism." Id. Jamison at 1208, citing Dussouy, 660 F.2d at 598, (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); Conley v. Gibson, 355 U.S. 41, 48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).* Almost without exception, a Plaintiff whose pleading is criticized should be given at least one opportunity to try to amend before any consideration of denial of the right to amend. In the Fifth Circuit, "[t]he Rule 'evinces a bias in favor of granting leave.' (quoting *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir. 1981))" Id. Jamison at 1208.

17. None of the traditional reasons for denial of the right to amend exist in this case, and Plaintiff has been diligent in this process to discover facts and respond quickly to those developments. This Bankruptcy Court should freely give leave [to amend] when justice so requires." *See generally Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)* (reversing denial of leave to amend by citing to *Rule 15(a)(2)*'s mandate to freely give leave to amend and stating "this mandate is to be heeded"). Applying the liberal standard for amending pleadings, especially in the early stages of a case, is the best way to ensure that cases will be decided justly and on their merits. *See Foman, 371 U.S. at 181-82*, *citing Fed. R. Civ. P. 1* (Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

# III.
# ATTACHMENT OF THE PROPOSED
# FIRST AMENDED COMPLAINT

18. Attached hereto as Exhibit "A" is a proposed First Amended Compliant that, upon permission of this Court by granting of this Motion, Plaintiff will file and promptly serve on all Defendants.

# IV.
# CERTIFICATE OF CONFERENCE

19. Plaintiff has conferred with Jameson Watts who is counsel for Cinch Energy Services, LLC, Cinch Investment Holdings, LLC, CES Group Holdings, LLC, Hook N Bull Properties, LLC, FTS Ranch, LLC, FTSJR Holdings, LLC, WFO Homes, LLC, Texas Coast Builders, LLC, Grander Holdings, LLC, Ponder Ranch, LLC, Ocean Floor Holdings, LLC, and Frank Thomas Shumate and he does not oppose this Motion.

20. Plaintiff has conferred with Charles (Chuck) Newton counsel for Mark Lopez and Los Cabos Ranch, LLC and he is does not oppose this Motion.

21. Plaintiff has conferred with Richard Fuqua counsel for Loretta Higgins and he is not opposed to this Motion.

22. Plaintiff has conferred with Aaron Guerrero counsel for 17 Main LLC and he is not opposed to this Motion.

23. Plaintiff has conferred with Paul O'Finan counsel for Timothy Pollard and he is OPPOSED to this Motion until he has a chance to read the proposed amendment.

24. Plaintiff has conferred with Javier Guerra counsel for Jerry Miller and has not indicated his position, thus is deemed OPPOSED to this Motion.

25. All parties not opposed to this Motion Agree that such statement of no opposition is not deemed in any way the approval or agreement with any of the material allegations or

conclusions and is without waiver of any rights to respond to the proposed First Amended Complaint if allowed to be filed.

    WHEREFORE, the Patrick Lowe, Trustee for the estate of Cinch Wireline Services, LLC requests that the Court grant Plaintiff's Unopposed Motion for Leave to File Amended Complaint to Avoid Fraudulent Transfers and Preferences, to Recover Property of The Estate and Damages Thereto, and For Declaratory Relief and for such other and further relief as the Court deems appropriate.

Dated: June 18, 2024

                                Respectfully submitted,

By:      */s/ Shelby A. Jordan*
           Shelby A. Jordan
           St. Bar No. 11016700
           Antonio Ortiz
           St. Bar No. 24074839
           ***JORDAN & ORTIZ, P.C.***
           500 North Shoreline Blvd., Suite 804
           Corpus Christi, TX 78401
           Telephone: 361.884.5678
           Facsimile: 361.888.5555
           Email:    sjordan@jhwclaw.com
                         aortiz@jhwclaw.com
           Copy to:  cmadden@jhwclaw.com

           */s/ Butch Boyd*
           Butch Boyd
           State Bar No. 00783694
           Butch Boyd Law Firm, P.C.
           2905 Sackett Street
           Houston, TX 77098
           713.589.8477
           713.589.8563 (Fax)
           Email: butchboyd@butchboydlawfirm.com

           **SPECIAL COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served to the below by the CM/ECF system by electronic mail on June 18, 2024:

| | | |
|---|---|---|
| **Gabi S Canales**<br>Canales Law Office<br>5262 S Staples St.<br>Suite 100<br>Corpus Christi, TX 78411<br>361-887-4700<br>361-887-4761 (fax)<br>gabilaw14@gmail.com<br>  *Assigned: 05/14/2024* | representing | **Michael Mendietta**<br>*(Interested Party)* |
| **Richard L. Fuqua**<br>Fuqua & Associates, PC<br>8558 Katy Freeway<br>Suite 119<br>77024<br>Houston, TX 77024<br>713-960-0277<br>713-960-1064 (fax)<br>fuqua@fuquakeim.com<br>  *Assigned: 05/28/2024* | representing | **Loretta L. Higgins**<br>24030 Tirso River Court<br>Katy, TX 77493<br>*(Defendant)* |
| **R. Javier Guerra**<br>Ray Pena McChristian, PC<br>9601 McAllister Freeway, Suite 901<br>San Antonio, TX 78216<br>210-341-3554<br>210-341-3557 (fax)<br>jguerra@raylaw.com<br>  *Assigned: 05/20/2024* | representing | **Jerry Miller**<br>137 W. Chandler Road<br>Sarita, TX 78385<br>*(Defendant)* |
| **Aaron Matthew Guerrero**<br>Bond Ellis Eppich Schafer Jones LLP<br>950 Echo Lane<br>Suite 120<br>Houston, TX 77024<br>713-335-4838<br>832-740-1411 (fax)<br>aaron.guerrero@bondsellis.com<br>  *Assigned: 04/26/2024* | representing | **17 Main, LLC**<br>c/o Daniel Namvar, Registered Agent<br>9135 Hilllsboro Dr<br>Los Angeles, CA 90034<br>*(Defendant)* |
| **Charles A. Newton**<br>Newtons Law | representing | **Mark Lopez**<br>52 County Road 2011 |

190 N. Millport Circle
The Woodlands, TX 77382
281-681-1170
281-901-5631 (fax)
chuck@newtons.law

**Paul W. O'Finan**
S M Chaudhry, Esq., Attorney at Law PLLC
14100 San Pedro Ave, Suite 210
San Antonio, TX 78232
(210) 646-9400
(210) 646-0038 (fax)
paul@smcesq.com

**Jameson Joseph Watts**
Husch Blackwell LLP
111 Congress
Suite 1400
Austin, TX 78701
512-479-1179
512-479-1101 (fax)
jameson.watts@huschblackwell.com
  Assigned: 06/03/2024

representing

Edna, TX 77957
*(Defendant)*

**Los Cabos Ranch, LLC**
c/o Paul S Kirklin, Registered Agent
12600 N. Featherwood Drive, Suite 225,
Houston, TX 77034
*(Defendant)*

representing

**BL Equity Holdings, LLC**
c/o A Registered Agent, Inc
8 The Green, Suite A
Dover, DE 19901
*(Defendant)*

**Timothy Gaines Pollard**
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**WFO, LLC**
c/o Tim Pollard, Registered Agent
146 Motts Parkway
Marion, TX 78124
*(Defendant)*

representing

**CES Group Holdings, LLC**
c/o Frank T. Shumate, Registered Agent
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Cinch Energy Services, LLC**
Mark Lopez, Registered Agent

1102 S. Second
Ganado, TX 77962
*(Defendant)*

**Cinch Investment Holdings, LLC**
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**FTS Ranch, LLC**
c/o Frank T Shumate Jr,
Registered Agent
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**FTSJR Holdings, LLC**
c/o Frank T Shumate, Jr,
Registered Agen
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Frank Thomas Shumate**
6118 King Trail
Corpus Christi, TX 78414
*(Defendant)*

**Grander Holdings, LLC**
c/o Frank T Shumate Jr,
Registered Agent
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Hook N Bull Properties, LLC**
c/o Frank T. Shumate, Jr.
Registered Age
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Ocean Floor Holdings, LLC**
c/o A Registered Agent, Inc.
8 The Green, Suite A

Dover, DE 19901
*(Defendant)*

**Ponder Ranch, LLC**
c/o Frank T Shumate Jr, Registered Agent
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Texas Coast Builders, LLC**
c/o Frank T Shumate Jr.
Registered Agent
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**WFO Homes, LLC**
c/o Tim Pollard, Registered Agent
146 Motts Parkway
Marion, TX 78124
*(Defendant)*

*/s/ Butch Boyd*
Butch Boyd