**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**(SAN ANTONIO DIVISION)**

| | | |
|---|---|---|
| In re: | § | |
| **CINCH WIRELINE SERVICES, LLC** | § | **Case No. 23-51742-cag** |
| Debtor | § | **Chapter 7** |
| _____ | § | _____ |
| | § | |
| **JOHN PATRICK LOWE, CHAPTER 7** | § | |
| **TRUSTEE FOR CINCH WIRELINE** | § | |
| **SERVICES, LLC,** | § | |
| Plaintiff | § | |
| v. | § | **Adversary 24-05011-cag** |
| **FRANK THOMAS SHUMATE; MARK** | § | |
| **LOPEZ; LORETTA L. HIGGINS;** | § | |
| **TIMOTHY GAINES POLLARD; JERRY** | § | |
| **MILLER; MARTIN KROESCHE;** | § | |
| [The "Individual-Defendants"] | § | |
| **CINCH ENERGY SERVICES, LLC;** | § | |
| **CINCH INVESTMENT HOLDINGS, LLC;** | § | |
| **CES GROUP HOLDINGS, LLC; HOOK N** | § | |
| **BULL PROPERTIES, LLC; LOS CABOS** | § | |
| **RANCH, LLC; FTS RANCH, LLC; FTSJR** | § | |
| **HOLDINGS, LLC; WFO HOMES, LLC;** | § | |
| **TEXAS COAST BUILDERS, LLC; 17** | § | |
| **MAIN, LLC; GRANDER HOLDINGS,** | § | |
| **LLC; WFO, LLC; PONDER RANCH,** | § | |
| **LLC; BL EQUITY HOLDINGS, LLC;** | § | |
| **OCEAN FLOOR HOLDINGS, LLC;** | § | |
| **SUPERIOR READY MIX OF TEXAS,** | § | |
| **LLC; SUPERIOR READY MIX, LLC;** | § | |
| **CAPITAL PROPERTY INVESTING,** | § | |
| **LLC; CORE ASSET RESOURCES,** | § | |
| **LLC; DRAKEFIRE MANAGEMENT,** | § | |
| **LLC; EDMUND HOME BUILDERS,** | § | |
| **LLC; CHATTINGTON INVESTMENTS,** | § | |
| **LLC; WILLIAM H HOLDINGS, LLC;** | § | |
| **LONE STAR CEMENT COMPANY, LLC;** | § | |
| **TIM POLLARD CONSTRUCTION, INC.** | § | |
| [The "Entity Defendants"] | § | |
| and Other Yet UNKNOWN DEFENDANTS | § | |
| ["John Doe-Defendants"]; and | § | |
| **SIMMONS BANK, NA** | § | |
| Defendants | § | |

# MOTION TO STRIKE THE SIMMONS BANK RESPONSE AND OBJECTION TO PLAINTIFF'S PARTIALLY UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
**[Related Docket #198]**

TO THE HONORABLE CRAIG GARGOTA, CHIEF UNITED STATES BANKRUPTY JUDGE

John Patrick Lowe, Chapter 7 Trustee for Cinch Wireline Services, LLC ("Trustee", or "Cinch Wireline") files this MOTION TO STRIKE the Simmons Bank Objection to Plaintiff's Partially Unopposed Motion for Leave to File First Amended Complaint to Recover Assets and Actual and Punitive Damages for Fraud, Actual and Constructive Fraudulent Transfers, Recovery for the Resulting Trust in Favor of Plaintiff and seeking Related Injunctive, Declaratory, and Equitable Relief (Dkt #198) (the proposed DRAFT "1st Amended Complaint"), and would show as follows:

## I.
## PRELIMINIARY STATEMENT

**A.**     **The Plaintiff's Motion to Amend its Original Adversary Proceeding Complaint**

1.     Plaintiff filed its Original Adversary Proceeding Complaint that did not name Simmons Bank as a party.

2.     Plaintiff and of the 16 Defendants either reached an agreement that Plaintiff would amend its Original Complaint prior to requiring the agreeing Defendants to answer or respond, or when the Motion to Leave to file the proposed First Amended Complaint, did not object.

3.     Plaintiff timely filed it Motion for Leave to file its First Amended Complaint and attached a draft of the First Amended Complaint (Dkt #187). The only objection to the Motion was filed by Simmons Bank, neither a party to the Original Complaint nor even a participant in the main bankruptcy case objected.

4.     This Motion to Strike addresses the fundamental issues of no standing to file the Simmons Objection, and no due process right to have been served with a copy nor permitted to appear and be heard to argue Simmons opposition to the Motion for Leave to Amend.

**B.    Background Facts Giving Rise to the Allegations Against Simmons Bank**

5.    The issues involving the Simmons Bank arise from a government guaranteed loan under the CARES Act, commonly known as a "MainStreet Loan" which was originated with Spirit Bank.  As a result of the Spirit Bank merger into Simmons Bank, Simmons owns and is entitled to enforce the approximately $21 million MainStreet Loan contract and guaranties.  Likewise, Simmons Bank is liable for the conduct or misconduct of Spirit Bank in the negotiations, funding and mishandling of the MainStreet Loan and the damages that proximately arose from such conduct.

6.    The issues raised in the DRAFT 1st Amended Complaint involve (i) the negotiations of the MainStreet Loan, (ii) the terms of the MainStreet Loan, (iii) the collateral (herein the "Collateral") initially involved in the closing of the MainStreet Loan; (iv) the funding of the MainStreet Loan to CES; and (iii) the use of proceeds of the MainStreet Loan.

7.    The DRAFT 1st Amended Complaint alleges on information and belief that, to increase the MainStreet Loan proceeds that could be advanced to Cinch Energy Services, LLC under the loan application for a "CARES Act" guaranteed loan, instead of making two loan applications (one for CES and one for CWS) that would have, on information and belief, been less than the scheme of Frank Shumate, Tim Pollard, and Martin Kroesche, together with Spirit Bank, set in motion a scheme that transferred to itself all the assets of Cinch Wireline Services, LLC ("CWS") and then pledged those assets to Spirit Bank to secure the $21 million MainStreet Loan. CWS, according to CES, Shumate, Pollard, and Kroesche, was left with no assets and only debt (resulting in the textbook "insolvency" of CWS) and creating a textbook actual fraud fraudulent conveyance of CWS's assets.  Additionally, because CES paid nothing for the assets, the scheme was a textbook violation of the anti-distributions provisions of the Texas Business Organization

Code ("BOC").

8.    As part of the Spirit Bank regulatory due diligence to comply with the CARES Act, an independent appraiser WFA Collateral Review Services, Inc., Gary Joiner Senior Appraiser (the "Appraiser" and **Trustee Exhibit 7**, the "Appraisal") was employed to value the Collateral to be pledged.  The Appraiser met with and viewed all the Collateral with CWS's Manager Mr. Michael Mendietta and joint values were discussed, resulting in the Spreadsheet prepared on behalf of CWS and the Appraisal prepared for Spirit Bank.  Both the Spreadsheet and the Appraisal divided the determined fair market value of the Collateral between ***CES (at approximately $7 Million***) and ***CWS (at approximately $20 Million***).  In fact, CES has never performed wireline work, never bought or paid for wireline equipment, and held no permits to perform wireline work (*e.g*., federal permit for use of explosives).  Yet CES claimed ownership of all CWS equipment to qualify for the MainStreet Loan and certified to the government that CES had no subsidiaries at the time of the closing.

9.    Upon the MainStreet's loan closing the CWS assets pledged by CES, (then claiming to be the owner) to Sprit Bank to secure the MainStreet Loan.  Having obtained the vast majority of its Collateral from CWS, when the loan proceeds were disbursed, approximately $7 million dollars was paid directly to CWS secured creditors to clear liens on a portion of the equipment. This disbursement was the only significant MainStreet Loan proceeds paid to or for the benefit of CWS.  Thus, upon closing, CWS had no assets and only debt (*e.g*., operating expenses, vendor accounts payables, taxes, and the like).  In other words, CWS was insolvent under any test of insolvency, having lost a net of $14 million in assets because of the transfer of all its assets to CES to secure the MainStreet Loan closing.

10.     Importantly, even though the assets were taken and pledge by CES to Spirit, all those assets, including real property and equipment, remained exclusively in the possession of CWS for its exclusive use in its wireline operations.  All equipment, maintenance and payment of tax assessed on the equipment and exclusive use and possession remained with CWS.  CES never took possession of, or used any of, the CWS assets it pledged to Spirit Bank, a fact that Spirit Bank knew at the time of the MainStreet Loan closing.

11.     The MainStreet Loan required no payments of principal or interest during 2021 which interest only payments commenced after the first year (2022 and through September 2023) which payments were made through September 2023.  Remarkably, when payments were commenced, *CWS was required to pay, and did pay from its operating income, 65% of the loan payments through September 2023.*[1]  Thus, not only did CWS lose at least $14 million in assets to CES/Spirit, but also (and even though not liable on the MainStreet Loan) CWS was required to fund 65% of all loan payments, adding another approximately $1.5 million to the CWS losses.

**C.     The Non-Party Simmons Bank Has No Standing to Object to the Motion for Leave to Amend**

12.     The only Objection to the Motion was filed by Simmons Bank, neither a named or served party to the Original Complaint, nor a participant in any respect on this Chapter 11 case of CWS.  No Notice of Appearance has been filed by Simmons Bank, and it has steadfastly refused to appear in this Court even after demands were made to stop all litigation against the CWS assets or any of Simmons Bank "wireline" Collateral.

13.     The Motion to Leave is, of course, governed by the Bankruptcy Rules of Procedure (incorporating by reference most of the Federal Rules of Civil Procedure) and parties to the

---

[1]     On information and belief, each month an interest payment was made to Spirit and then Simmons received two separate checks, one drawn on the account of CES for 35% of the payment and the other drawn on the account of CWS for 65% of the payment.  The Chart of those payments is set out in the DRAFT 1st Amended Complaint.

existing Original Complaint had standing to object to the amendment.   No "party" has objected.

14.     Simmons Bank, neither a party to the Original Complaint nor a party to the Motion for Leave, appeared in this Chapter 11 case for the first time, filing its Objection to the Motion for Leave.  Simmons has no standing to object to the Motion for Leave to amend a Complaint to which it is not a party, and a simple reading illustrate why the law denies standing to Simmons.

## II.
## ARGUMENTS AND AUTHORITIES

### A.     Simmons Bank Has No Standing to Object to the Motion for Leave to Amend the Original Complaint

15.     The proposed new Defendant, Simmons Bank, does not have standing to file an objection (*albeit* late in any event) to Plaintiff-Trustee's Motion to Amend the existing Pleadings that includes adding parties.  In *Smith v. TFI Family Servs.,* No. 17-02235-JWB-GEB, 2019 U.S. Dist. LEXIS 61203, at *6-7 (D. Kan. Apr. 10, 2019) the Federal District Court stated the rule on lack of standing of Simmons Bank:

> *As applicable here, DCF and Howard should not be able to have one foot in the case and one foot out*.  If DCF and Howard wish to invoke Rule 12(b) defenses,[2] they must, as Plaintiff argues, do so by filing a motion or responsive pleading,[30] which can only procedurally occur after they have been served with the Amended Complaint.
> Regarding the issue of standing, the [*7]  Court finds DCF and Howard do not have standing to oppose the Motion to Amend because they are non-parties. [Footnote 31. *See* Fed. R. Civ. P. 12(b) and (i) (stating 12(b) defenses must be made in a pleading or by motion)].

*See, also.,* S*tate Farm Mut. Auto. Ins. Co. v. CPT Med. Servs.*, P.C., 246 F.R.D. 143, n.1 (E.D.N.Y. 2007)).   *See, al*so *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. CIV. 13-5592 NLH/AMD, 2014 U.S. Dist. LEXIS 31681, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014);  *See, also Abraham v. Hampton Inn Corp.*, No. 18-2137-DDC, 2018 U.S. Dist. LEXIS 95836, 2018 WL

---

[2]        Which Simmons does in its Objection.

2926582, at *2, n. 16 (D. Kan. June 7, 2018) held that the *proposed defendants* had not established standing to object to plaintiff's motion to amend or file a motion to intervene.[3] The Objection of Simmons is, in reality and in fact, a pre-emptive Fed. Rule 12(b)(6) Fed.R.Civ.P. Motion.  [*See*, ¶ 13 through 19] in violation of this rule.

16.     Citing to 3, *James Wm. Moore et al., Moore's Federal Practice* ¶ 14.21(2) (3d ed. 1999) that third parties do not have standing to contest the joinder because they are not "of record", *Vasquez v. Summit Women's Ctr., Inc.*, No. CIV. 301CV955PCD, 2001 U.S. Dist. LEXIS 25440, 2001 WL 34150397, at n.1 (D. Conn. Nov. 16, 2001) holds that "[t]he standing of non-parties to challenge a motion for leave to file an amended complaint that seeks to add them is, at best, dubious." [].  Likewise, *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 CIV. 1608 RJH JCF, 2010 U.S. Dist. LEXIS 33430, 2010 WL 1327921, at *4 (S.D.N.Y. Apr. 5, 2010) hold that a non-party does not have standing to contest a motion to amend.  *See, also  Dungan v. Acad. at Ivy Ridge*, No. 06-CV-0908, 2009 U.S. Dist. LEXIS 62166, 2009 WL 2176278, at *2 (N.D.N.Y. July 21, 2009) (disregarding non-parties' papers in opposition to the motion for leave to amend due to lack of standing).

**B.     Simmons Bank Has No Right to Object to the Lack of Formal Notice or Denial of Any Due Process Regarding the Motion for Leave to Amend the Original Complaint**

17.     The law supporting the lack of standing of Simmons to complain of a Motion filed in a suit to which it is not a party, is clear, yet Simmons further claims that it was denied "due process" by not having been furnished proper notice of the filing of the Motion for Leave to Amend

---

[3]     And the same no-standing rule applies to proposed Party Plaintiffs.  *See, Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, No. 11-CV-00970-PAB-MEH, 2013 U.S. Dist. LEXIS 174681, 2013 WL 6925132, at *2 n.3 (D. Colo. Dec. 13, 2013), *aff'd sub nom. Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230 (10th Cir. 2014) noting non-party plaintiffs do not have standing to move to amend the complaint). No. 17-02235-JWB-GEB, 2019 U.S. Dist. LEXIS 61203, at *7 n.31 (D. Kan. Apr. 10, 2019).

(even though Simmons admits it was not a party in the Adversary, that it had not filed a notice of Appearance and request for copies even in the main case, that it had not appeared in the Adversary, and that it was furnished a complete courtesy copy and notice of the filing of the Motion to Amend with the attached DRAFT 1st Amended Complaint *on the day of filing*). [*See*, Simmons Objection ¶¶ 1, 7, 8. There could be no law that would support the argument that Simmons was denied any due process or that such that notice was required by due process, when it had no standing to object in the first place. This is made clear in *Clayton v. District of Columbia*, 999 F. Supp. 2d 178, 182 n.6 (D. D.C. 2013)[4] that not only supports the same lack of standing rule when a new target defendant is threatened with suit, but also establishes that the new defendant is also "… not entitled to notice …" of the proposed Motion to Amend and add parties:

> If a motion seeks leave to amend to name additional parties, ***those parties are not entitled to notice***, *and they have no absolute right to participate in the motion hearing until they are formally added to the litigation through a granted amendment*. . . . [T]hey have no standing under Rule 15 to object. [Emphasis added.]

Thus, where a new defendant named in a proposed but un-filed pleading has no standing to object, it is only logical that it does not have a right to demand due process notice of the Motion (even though here Simmons was given verbal (telephonic) notice of the intended filing of the Motion, followed with an actual copy on the date of actual filing, of the Motion).

18.     For the foregoing reasons this Court should strike the Objection of Simmons and deny the objection without prejudice to refile, if, and when, the First Amended Complaint is authorized to be filed and filed.

WHEREFORE, Patrick Lowe, Chapter 7 Trustee of the Estate of Cinch Wireline Services, LLC prays that this Court strike the Objection of Simmons and deny the objection without

---

[4]     *quoting* Motion Practice, 9-80 (David F. Herr et al., eds., 5th Ed. Supp. 2012).

prejudice to refile, if, and when, the First Amended Complaint is authorized to be filed and filed, and  for such other and further relief to which the Trustee may be justly entitled, both at law and in equity.

Dated:  August 5, 2024

Respectfully submitted,

*/s/ Shelby A. Jordan*
Shelby A. Jordan
St. Bar No. 11016700
Antonio Ortiz
St. Bar No. 24074839
***JORDAN & ORTIZ, P.C.***
500 North Shoreline Blvd., Suite 804
Corpus Christi, TX 78401
Telephone:  361.884.5678
Facsimile:  361.888.5555
Email:      sjordan@jhwclaw.com
              aortiz@jhwclaw.com
Copy to:   cmadden@jhwclaw.com

*/s/ Butch Boyd*
Butch Boyd
State Bar No. 00783694
**BUTCH BOYD LAW FIRM, P.C.**
2905 Sackett Street
Houston, TX 77098
713.589.8477
713.589.8563 (Fax)
Email: butchboyd@butchboydlawfirm.com
Copy to: katrinaboyd@butchboydlawfirm.com

**SPECIAL COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE FOR CINCH WIRELINE SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served to the below by the CM/ECF system by electronic mail on August 5, 2024:

**Butch Boyd**
Butch Boyd Law Firm, P.C.
2905 Sackett Street
Houston, TX 77098
713-589-8477
713-589-8563 (fax)
butchboyd@butchboydlawfirm.com
 *Assigned: 07/18/2024*

representing

**John Patrick Lowe, Chapter 7 Trustee for Cinch Wireline Services, LLC**
*(Plaintiff)*

**Gabi S Canales**
Canales Law Office
5262 S Staples St.
Suite 100
Corpus Christi, TX 78411
361-887-4700
361-887-4761 (fax)
gabilaw14@gmail.com
 *Assigned: 05/14/2024*

representing

**Michael Mendietta**
*(Interested Party)*

**Mitchell Clark**
Law Offices of J. Mitchell Clark
719 S. Shoreline Boulevard
Corpus Christi, TX 78401
361-882-1612
361-882-3015 (fax)
mitchell@hilliard-law.com
 *Assigned: 07/22/2024*

representing

**Justin Sprencel**
*(Interested Party)*

**Jason Alexander Enright**
Winstead PC
500 Winstead Building
2728 N. Harwood Street
Dallas, TX 75201
214-745-5844
214-745-5390 (fax)
jenright@winstead.com
 *Assigned: 07/25/2024*

representing

**Simmons Bank**
*(Interested Party)*

**Richard L. Fuqua**
Fuqua & Associates, PC
8558 Katy Freeway
Suite 119

representing

**Loretta L. Higgins**
24030 Tirso River Court
Katy, TX 77493
*(Defendant)*

77024
Houston, TX 77024
713-960-0277
713-960-1064 (fax)
fuqua@fuqualegal.com
 *Assigned: 05/28/2024*

**R. Javier Guerra**
Ray Pena McChristian, PC
9601 McAllister Freeway, Suite 901
San Antonio, TX 78216          representing
(210) 775-3554
(210) 341-3557 (fax)
jguerra@raylaw.com
 *Assigned: 05/20/2024*

**Jerry Miller**
137 W. Chandler Road
Sarita, TX 78385
*(Defendant)*

**Aaron Matthew Guerrero**
Bond Ellis Eppich Schafer Jones LLP
950 Echo Lane
Suite 120
Houston, TX 77024          representing
713-335-4838
832-740-1411 (fax)
aaron.guerrero@bondsellis.com
 *Assigned: 04/26/2024*

**17 Main, LLC**
c/o Daniel Namvar, Registered
Agent
9135 Hilllsboro Dr
Los Angeles, CA 90034
*(Defendant)*

**Charles A. Newton**
Newtons Law
190 N. Millport Circle
The Woodlands, TX 77382          representing
281-681-1170
281-901-5631 (fax)
chuck@newtons.law
 *Assigned: 05/02/2024*

**Mark Lopez**
52 County Road 2011
Edna, TX 77957
*(Defendant)*

 *Assigned: 05/13/2024*

**Los Cabos Ranch, LLC**
c/o Paul S Kirklin, Registered
Agent
representing          12600 N. Featherwood Drive, Suite
225,
Houston, TX 77034
*(Defendant)*

**Paul W. O'Finan**
S M Chaudhry, Esq., Attorney at Law          representing
PLLC

**Frank Thomas Shumate**
6118 King Trail

14100 San Pedro Ave, Suite 210
San Antonio, TX 78232
(210) 646-9400
(210) 646-0038 (fax)
paul@smcesq.com
 *Assigned: 04/24/2024*
 *TERMINATED: 06/27/2024*

 *Assigned: 05/08/2024*

Corpus Christi, TX 78414
*(Defendant)*

representing

**Timothy Gaines Pollard**
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**WFO Homes, LLC**
c/o Tim Pollard, Registered Agent
146 Motts Parkway
Marion, TX 78124
*(Defendant)*

**WFO, LLC**
c/o Tim Pollard, Registered Agent
146 Motts Parkway
Marion, TX 78124
*(Defendant)*

 *Assigned: 05/08/2024*

representing

**BL Equity Holdings, LLC**
c/o A Registered Agent, Inc
8 The Green, Suite A
Dover, DE 19901
*(Defendant)*

 *Assigned: 05/08/2024*
 *TERMINATED: 06/27/2024*

representing

**CES Group Holdings, LLC**
c/o Frank T. Shumate, Registered
Agent
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Cinch Energy Services, LLC**
Mark Lopez, Registered Agent
1102 S. Second
Ganado, TX 77962
*(Defendant)*

**Cinch Investment Holdings, LLC**
2200 County Road 413

McCoy, TX 78113
*(Defendant)*

**FTS Ranch, LLC**
c/o Frank T Shumate Jr, Registered
Agent
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**FTSJR Holdings, LLC**
c/o Frank T Shumate, Jr, Registered
Agen
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Grander Holdings, LLC**
c/o Frank T Shumate Jr, Registered
Agent
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Hook N Bull Properties, LLC**
c/o Frank T. Shumate, Jr.
Registered Age
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Ocean Floor Holdings, LLC**
c/o A Registered Agent, Inc.
8 The Green, Suite A
Dover, DE 19901
*(Defendant)*

**Ponder Ranch, LLC**
c/o Frank T Shumate Jr, Registered
Agent
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Texas Coast Builders, LLC**
c/o Frank T Shumate Jr. Registered
Agent

**Jameson Joseph Watts**
Husch Blackwell LLP
111 Congress
Suite 1400
Austin, TX 78701
512-479-1179
512-479-1101 (fax)
jameson.watts@huschblackwell.com
 *Assigned: 06/03/2024*

representing

2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**CES Group Holdings, LLC**
c/o Frank T. Shumate, Registered
Agent
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Cinch Energy Services, LLC**
Mark Lopez, Registered Agent
1102 S. Second
Ganado, TX 77962
*(Defendant)*

**Cinch Investment Holdings, LLC**
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**FTS Ranch, LLC**
c/o Frank T Shumate Jr, Registered
Agent
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**FTSJR Holdings, LLC**
c/o Frank T Shumate, Jr, Registered
Agen
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Frank Thomas Shumate**
6118 King Trail
Corpus Christi, TX 78414
*(Defendant)*

**Grander Holdings, LLC**
c/o Frank T Shumate Jr, Registered
Agent

2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Hook N Bull Properties, LLC**
c/o Frank T. Shumate, Jr.
Registered Age
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Ocean Floor Holdings, LLC**
c/o A Registered Agent, Inc.
8 The Green, Suite A
Dover, DE 19901
*(Defendant)*

**Ponder Ranch, LLC**
c/o Frank T Shumate Jr, Registered
Agent
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**Texas Coast Builders, LLC**
c/o Frank T Shumate Jr. Registered
Agent
2200 County Road 413
McCoy, TX 78113
*(Defendant)*

**WFO Homes, LLC**
c/o Tim Pollard, Registered Agent
146 Motts Parkway
Marion, TX 78124
*(Defendant)*


*/s/ Shelby A. Jordan*
Shelby Jordan